# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

DANIEL QUILLING,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )          No. 4:07-CV-254-TIA
                                    )
BRENDA SIMS,                        )
                                    )
            Defendant.              )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Daniel Quilling for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff alleges that defendant Brenda Sims is his wife's cousin and lives in Cleveland, Ohio. According to plaintiff, defendant Sims was "part of an evil plan to frame [him], helping [his] wife . . . to get an ex parte order against [him]." Plaintiff claims that Sims helped his wife to leave him, and that "part of [Sims'] reason for coming was to leave with the money [his] wife had stolen." Plaintiff seeks an award of $10,000,000 and an order sending Sims to prison.

At the outset, the Court notes that plaintiff's grounds for filing this case in Federal Court are, as follows: "helping my wife with perjury on ex parte orders.

Helping with bankruptcy and everything." The Court will liberally construe the complaint as having been brought under 28 U.S.C. § 1332 (diversity jurisdiction).[1]

After carefully reviewing the complaint, the Court concludes that plaintiff's allegations against Brenda Sims are legally frivolous and fail to state a claim or cause of action against her.[2] As such, the instant action will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

---

[1] Plaintiff does not cite to any federal statute or provision of the United States Constitution in the complaint, and it does not appear that the action arises under the Constitution, laws, or treaties of the United States. As such, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Defendant is not alleged, nor does she appear, to be a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983.

[2] Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. <u>Means v. Wilson</u>, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.

Dated this 16th Day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE